**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                                       ) | Case No. 1:22-cr-00005 |
| ) | |
| **RAKESH KOTHURU**                    ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Rakesh Kothuru has been convicted of knowingly and willfully causing to be made false representations of material fact in applications for payments under federal health care programs. ECF No. 3 at 1. The U.S. Sentencing Guidelines indicate that Mr. Kothuru should face a year in prison for that crime. ECF No. 23 ¶ 63. For his part, Mr. Kothuru contends that he should receive a sentence of probation because of the prosecution-related consequences he has already faced, his history and characteristics, his family situation, and his health. Those, however, are circumstances that many, many defendants face. The government disagrees that a probationary sentence would appropriately address the considerations set forth in 18 U.S.C. § 3553(a). Instead of probation, Mr. Kothuru should be sentenced to a period of incarceration that reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to the public.

Mr. Kothuru committed a serious offense. At bottom, he agreed to pay money to someone who directed urine samples to Mr. Kothuru's lab for testing, he billed the federal government for that testing, and he never told the government about his payment agreement. These types of arrangements lead to overutilization of testing that U.S. taxpayers ultimately pay for. Mr. Kothuru profited richly from his arrangement.

The crime is not less serious merely because it is a misdemeanor. As the Court knows, plea agreements result from negotiations. During some such negotiations, the government deems it important that a defendant be convicted of a felony, rather than a misdemeanor, because of the collateral consequences that accompany felony convictions. In other negotiations, the government deems the actual *penalties* more important than obtaining a felony conviction. In this case, the government concluded that the possible penalties—health-care program exclusion, monetary payments, and the prospect of jail time—were more important than obtaining a felony conviction. That approach helped the parties resolve this case before indictment, but it should not diminish the seriousness of what Mr. Kothuru did.

Finally, it is particularly important in this case to promote respect for the law and provide a measure of deterrence. Mr. Kothuru's crime is the type of crime that is difficult to detect and time-consuming to investigate and prosecute. Because that is the case, many people may be tempted to follow the path Mr. Kothuru followed.

But those people should know this: engaging in this sort of conduct leads to federal prison. Accordingly, and for the other reasons stated, the government asks that the Court sentence Mr. Kothuru to an appropriate term of incarceration.

    Respectfully submitted,

    CHRISTOPHER R. KAVANAUGH
    United States Attorney

    <u>s/Whitney D. Pierce</u>
    Whitney D. Pierce
    Assistant United States Attorney
    VSB No. 82520
    Janine Myatt
    Special Assistant United States Attorney
    VSB No. 37386
    Randy Ramseyer
    Assistant United States Attorney
    Virginia Bar No. 33837
    U.S. Attorney's Office
    180 West Main Street, Suite B19
    Abingdon, Virginia 24210
    276-628-4161
    276-628-7399 (fax)
    USAVAW.ECFAbingdon@usdoj.gov